**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FREDERICK BERNARD SMILEY,      :
      :
    Petitioner,      :
      :
vs.      :   CIVIL ACTION 15-00261-KD-B
      :
CARTER DAVENPORT,      :
      :
    Respondent.      :

## <u>REPORT AND RECOMMENDATION</u>

Frederick Bernard Smiley, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned **RECOMMENDS** that the petition be **DISMISSED**, as it is barred by the statute of limitations. Further, even if the petition was not time-barred, the claims are procedurally defaulted.

## I.    FINDINGS OF FACT.

Petitioner, Frederick Bernard Smiley, pleaded guilty to third-degree robbery in Mobile County Circuit Court (CC-2004-3775) on January 14, 2005. (Doc. 16-5 at 2). He was sentenced to twenty years imprisonment, split to serve three years imprisonment followed by five years of probation. (*Id.*). Smiley did not appeal his conviction or sentence.

It is not clear from the record when Smiley's period of probation began; however, the record reflects that on November 5, 2009,[1] Smiley's probation officer filed a petition asserting that Smiley no longer lived at his registered address, that Smiley had failed to report to the probation office, that she was unable to locate Smiley, and that Smiley had failed to pay supervision fees for several months. (Doc. 16-1 at 37-38). In May 2012, Smiley was arrested and charged with first-degree rape. The delinquency report was supplemented to include the new charge of rape (*Id.* at 26-27; Doc. 1-1 at 1), as well as allegations that Smiley failed to report to the probation office from September 2, 2009 until the time of his arrest in May 2012, and that he failed to report his address to the police department as required for registered sex offenders by the

---

[1] Although not relevant to the disposition of this case, the record reflects that multiple petitions seeking to revoke Smiley's probation were filed prior to the November 2012 delinquency report. (*See* Doc. 16 at 2-3; Doc. 16-1 at 56-58).

Community Notification Act ("CAN"), Ala. Code § 15-20A-1, *et. seq.* (1975).[2] (Doc. 16-1 at 31-32).

Revocation proceedings were conducted on October 13, 2012. (*Id.* at 2). Although Smiley's two new charges, first-degree rape and the CNA violation, had not been adjudicated,[3] they were listed as two of the five reported delinquency violations.[4] The hearing consisted of testimony from Smiley's probation officer and argument of counsel. (Doc. 16-1 at 55-56, 61-62). After presentation of the evidence, the trial court revoked Smiley's probation and stated, "Based on the testimony, I find the defendant [Smiley] did in fact violate the terms and conditions of probation. I am fully revoking him to the rest of whatever is left on the twenty year sentence." (Doc. 16-1 at 62). Additionally, the trial court's written order provided that:

> The Court finds defendant has violated terms and conditions of probation.

[2] From the record, it appears that Smiley was convicted as a sex offender at some time before July 2011. (Doc. 15-5 at 3, n. 1).

[3] On May 29, 2013, approximately seven months *after* his probation was revoked, Smiley pleaded guilty to the "new charge" of violating the Community Notification Act and was sentenced to ten (10) years imprisonment to run concurrently with his sentence for his robbery conviction. (Doc. 1 at 8; Doc. 11 at 2). The first-degree rape charge, on the other hand, was subsequently dismissed on May 19, 2014. (Doc. 1 at 7).

[4] Taking into account the originally filed delinquency report and the supplemental reports filed by Smiley's probation officer, Smiley faced five delinquent charges: (1) "Failure to Notify Officer before Changing Residence, (2) "Failure to Pay Supervision", (3) "Failure to Report", (4) "New Offense: Rape 1st Degree DC12-5488", (5) "New Charge: Violation of Community Notification Act DC12-5488." (Doc. 16-1 at 26-27, 30-32, 37-38).

> The Court orders defendant's probation revoked.
>
> Defendant revoked due to failure to report, failure to pay, failure to notify change of address, and a new charge (Community Notification Act).
>
> Defendant remanded to custody of Department of Corrections to serve the remainder of sentence. . . .

(Doc. 16-1 at 24).

Smiley appealed his probation revocation to the Alabama Court of Criminal Appeals on September 17, 2012. He asserted that (1) the trial court's order of revocation was inadequate because it failed to set out the evidence relied on by the court or reasons for fully revoking Smiley's probation, and (2) the evidence was insufficient to support the revocation of Smiley's probation in that the State failed to establish Smiley had committed a new offense by violating the Community Notification Act. (Doc. 16-2 at 8, 11). The Court of Appeals affirmed the revocation of Smiley's probation and overruled his application for rehearing. (Doc. 16-8 at 28). On August 16, 2013, the Supreme Court of Alabama denied writ of certiorari and entered a certificate of judgment. (Doc. 16-9 at 2).

On May 6, 2015,[5] Smiley filed the instant federal habeas petition pursuant to § 2254 challenging his probation revocation. (Doc. 1). In the petition, Smiley argues:

1.      His probation was revoked primarily due to obtaining the new criminal charge of rape in the first degree, but since this charge was subsequently dismissed, his remaining probation violations should be considered merely technical violations and should not result in a full revocation. (Doc. 1 at 7).

2.      Revocation for violation of the Alabama Community Notification Act was improper because he was homeless and incapable of providing an address. (Doc. 1 at 8).

3.      His trial counsel improperly coerced the guilty plea entered in May 2013 for violation of the Alabama Community Notification Act. (Doc. 1 at 8).

In response to Smiley's petition, Respondent filed a motion seeking the dismissal of the petition on the ground that Smiley was seeking to challenge unrelated convictions, specifically the revocation of his probation stemming from his 2005 third-degree robbery conviction and the May 29, 2013 guilty plea conviction for failure to register his address as a sex offender in violation of Ala. Code § 13A-11-200. (Doc. 11 at 1-2). Respondent asserted that "[t]he only relationship between these

---

[5] Although the instant petition was received by the Clerk's Office on May 18, 2015, it was signed on May 6, 2015. (Doc. 1 at 13). Pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. *Houston v. Lack*, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Adams v. United States*, 173 F. 3d 1339, 1340-41 (11th Cir. 1999).

two convictions is that Smiley's probation in case CC-2004-3775 was revoked, in part, based on his failure to report his address to the sheriff's department, which appears to have also served as the factual basis for his subsequent conviction in CC-2013-216. . . . Smiley was convicted of the sex-offender registry more than eight months after his probation was revoked for the robbery conviction. . . ." (Doc. 11 at 2). Respondent further argued that both conviction challenges were time barred under 28 U.S.C. § 2244(d)(1) and were not properly exhausted as required by 28 U.S.C. § 2254(b)(1)(A). (Doc. 11 at 3, n.1). Finally, Respondent asserted that Smiley should be directed to select which conviction he was seeking to challenge.

In response to the Court's order directing Smiley to respond to the motion to dismiss (Doc. 13), he asserted as follows:

> 1. Petitioner is not challenging more than one conviction. As a plain reading of the petition shows, petitioner is **_challenging the "probation revocation" of September 13, 2012._** (emphasis added).
>
> 2. The Respondent has not demonstrated how Petitioner is time-barred.

(Doc. 14 at 1). Smiley's response clarified the parameters of his habeas petition and makes clear that he is only challenging his 2012 probation revocation. In light of said clarification,

the Court has conducted a thorough review of the record and finds that this case is ripe for consideration.

## II. ANALYSIS.

### 1. Statute of Limitations.

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

> (2) The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244 (d).[6]

As noted *supra*, Smiley is challenging his probation revocation in this habeas proceeding and not his original 2005 third-degree robbery conviction or his 2013 conviction for violating the Community Notification Act. (Doc. 14 at 1). S*ee Davis v. Purkett*, 296 F.Supp.2d 1027, 1029-30 (E.D. Mo. 2003)") (noting that claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final). Smiley appealed the October 2012 revocation of his probation, and his petition for certiorari before the Alabama Supreme Court was denied on August 16, 2013; however, the revocation of his probation did not become final *until* November 14, 2013 when the time for seeking certiorari before the United States expired. *See McCloud v. Hooks*, 560 F. 3d 1223, 1227 (11th Cir. 2009) ("A state prisoner's conviction becomes final when the United States

---

[6] For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002); *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000). Thus, AEDPA's one-year statute of limitations period expires on April 23, 1997 for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

Supreme Court denies certiorari, issues a decision on the merits, or when the ninety day period in which to file for certiorari expires, regardless of whether the defendant raised any federal issues on direct appeal.). Thus, it was this date, November 14, 2013, that started the running of AEDPA's one-year statute of limitations, and absent tolling, Smiley had until November 14, 2014 to file his federal petition. *See Wright v. Florida*, 8:06-cv-1704-T-27EAJ, 2008 U.S. Dist. LEXIS 37102, 2008 WL 1986184 (M.D. Fla. May 6, 2008), quoting, *Williams v. Vasbinder*, Civil No. 05-73471-DT, 2006 U.S. Dist. LEXIS 51469, 2006 WL 2123908 (E.D. Mich. July 27, 2006)("Under 28 U.S.C. §2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final.") *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). Given that Smiley's petition was not filed until May 6, 2015, nearly six months after expiration of the one-year AEDPA statute of limitations, the petition is untimely absent tolling. Smiley has presented no evidence of any properly filed or pending post-conviction motion which would have tolled the AEDPA statute of limitations. Accordingly, his petition is untimely.

2. <u>Extraordinary Circumstances.</u>

Before recommending dismissal of Smiley's habeas petition as untimely, the undersigned must determine whether Smiley has pled extraordinary circumstances that require a contrary conclusion. Consequently, unless Smiley can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]") (internal quotations omitted). The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' *Sandvik v. United States*, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. Of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *see also Holland v. Florida*, 560 U.S. 631, 645 130 S. Ct. 2549, 2560, 177 L.Ed.2d 130, 143 (2010) ("§2244(d) is subject to equitable tolling in appropriate cases[,] . . . We have previously made clear that a 'petitioner' is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); *Diaz v. Sec'y for the Dep't of Corr.*, 362 F.3d 698 (11th Cir. 2004); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998)("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient.") (internal citations omitted). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec'y of Dep't of Corr.*, 259 F.3d 1310, 1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S. Ct. 1965, 152 L. Ed. 2d 1025 (2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Smiley identifies two reasons that his petition should not be considered untimely. First, Smiley asserts that the new charge of first-degree rape was the primary cause of his probation revocation and since that charge was

dismissed in May 2014, it was impossible for him to bring his claim before the court prior to the adjudication of the rape charge. (Doc. 1 at 12). Smiley's assertion is belied by the record. First, the transcript from the revocation hearing reflects that the rape charge was not a part of the hearing or decision to revoke Smiley's probation.[7] Moreover, the trial court's revocation order is void of any reference to the rape charge as part of its rationale for fully revoking Smiley's probation.[8] (*See* Doc. 16-1 at 24, 53-54). Accordingly, the outcome of the first-degree rape case is inconsequential, as that charge did not form the basis for the Court's decision to revoke Smiley's probation. Thus, Smiley has not carried his burden of proving extraordinary circumstances which impeded his timely filing of his habeas petition.

Second, pursuant to § 2244(d)(1)(D), Smiley claims that the statute of limitations should not have begun running when the probation revocation decision became final, but should have instead commenced from the time he became cognizant that the CNA

---

[7] At the start of the revocation hearing, the State's counsel reminded the trial court that Smiley had an outstanding rape charge, but that, *inter alia,* the State had been unable to contact the victim. Smiley's defense asserted that the revocation hearing was being bifurcated from the rape charge, and the trial court confirmed that the parties were "going to have a hearing then on the violation of the Notification Act." (Doc. 16-1 at 53-54).

[8] The trial court ordered Smiley's probation revoked because it found Smiley had "violated terms and conditions of probation," including the provisions of "failure to report, failure to pay, failure to notify change of address, and a new charge (Community Notification Act)." (Doc. 16-1 at 24).

had been repealed.[9]  Specifically, Smiley contends that he "only learned later (after his May 2013 CNA conviction) that the CNA address registration requirement did not even apply to him as he was 'homeless' and the requirement had actually been repealed." (Doc. 1-1 at 3).  To the extent that Smiley is contending that the statute of limitations commencement should be tolled based on his alleged lack of knowledge, this argument lacks merit and fails to evidence an extraordinary circumstance to excuse Smiley's late filing.

It is apparent from the record that Smiley knew or should have known, on or before March 22, 2013, that the CNA under which he was previously convicted was repealed, as this is the date of the appellate court's memorandum opinion which details the repeal of the CNA.  The court states:

> Although not relevant to the disposition of this case, we note that §§15-20-20 through 15-20-38 were repealed by Act 2011-640 49, effective July 1, 2011.  The record indicates that Smiley was convicted as a sex offender before July 2011.  "It is well settled that the law in effect at the time of the commission of the

---

[9] Smiley does not specifically state this argument as a basis for equitable tolling; instead, Smiley asserts this as a claim to why his probation should not have been revoked.  (Doc. 1-1 at 3).  However, *pro se* pleadings must be read liberally to determine "whether jurisdiction to consider [them] can be founded on a legally justifiable base." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir.1991).  Therefore, the Court has an "obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  *United States v. Jordan*, 915 F.2d 622,624-25 (11th Cir.1990). With the leniency afforded to *pro se* petitioners in mind, the Court proceeds in this case to give Smiley the benefit of the doubt.

> offense controls the prosecution." *Minnifield v.*
> *State*, 941 So. 2d 1000, 1001 (Ala. Crim. App. 2005).

(Doc. 16-5 at 3, n. 1). Consequently, the undersigned finds that Smiley was aware in March 2013 that §§ 15-20-20 through 15-20-38 of the Alabama Code were repealed. Therefore, Smiley has failed to establish a basis for equitable tolling of the statutory limitations period. He has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition with respect to his 2012 probation revocation, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A) Smiley's petition is untimely and the Court is barred from considering Smiley's claims.

### 3. Exhaustion and Procedural Default.

It is well settled that a state prisoner must exhaust his state remedies prior to challenging his conviction in a habeas petition filed in federal court. *See* 28 U.S.C. §§ 2254(b)(1) and (c); *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). The Eleventh Circuit has succinctly stated the rule as follows:

> Generally, a habeas corpus petitioner cannot raise a claim in federal court if he did not first exhaust the claim in state court. 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1343 (11th Cir.2004). A federal claim is exhausted

only if fairly presented to the state courts. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir.2005) (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971)). A petitioner has not fairly presented his claim to the state court if such claim is presented for the first and only time in a procedural context where the merits are not considered. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060, 103 L. Ed. 2d 380 (1989).

*Cargile v. Sec'y, Dep't of Corr.*, 349 F. App'x 505, 2009 U.S. App. LEXIS 22995, 2009 WL 3365954 (11th Cir., Oct. 21, 2009) (slip opinion).

Section 2254(b)(1) specifically provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State." The Supreme Court has made clear that the rationale of the exhaustion requirement centers on the proper relationship between state and federal courts:

"This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state-court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999) (alteration in original). A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one "complete round of the State's established appellate review process." *Ibid.* In practical terms, the law of habeas, like administrative law, requires proper exhaustion, and we have described this feature of

> habeas law as follows: "To . . .'protect the
> integrity' of the federal exhaustion rule, we ask not
> only whether a prisoner has exhausted his state
> remedies, but also whether he has properly exhausted
> those remedies. . . ." *Id*. at 848, 119 S. Ct. 1728
> (citation omitted).

*Woodford*, 548 U.S. at 92. A petitioner's failure to exhaust his state remedies results in the "preclusion of review in the federal court." *Id*. "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal . . . the petitioner procedurally defaulted those claims [and] generally is barred from asserting those claims in a federal habeas proceeding." *Id*. at 93 (citing *Gray v. Netherland*, 518 U.S. 152, 162, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996)); *Coleman v. Thompson*, 501 U.S. 722, 744-51, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). *See also Banks v. Dretke*, 540 U.S. 668, 690, 124 S. Ct. 1256, 157 L. Ed. 2d 1166 (2004) ("To pursue habeas corpus relief in federal court, Banks first had to exhaust 'the remedies available in the courts of the State'.") (quoting *Rose v. Lundy*, 455 U.S. 509, 520, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)); *Doorbal v. Dep't of Corr.*, 572 F.3d 1222, 1229 (11th Cir. 2009) ("A state prisoner may not seek federal habeas review unless he has 'exhausted the remedies available in the courts of the State' [because he] must give the state courts an opportunity to act on his claims before he presents those

claims to a federal court in a habeas petition'.") (quoting *Cone v. Bell*, 556 U.S. 449, 467, 129 S. Ct. 1769, 1781, 173 L. Ed. 2d 701 (2009) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999)); *Pearson v. Sec'y, Dep't. of Corr.*, 273 F. App'x 847, 849-50 (2008) ("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right.") (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995)).

In Alabama, the state court of last resort is the Supreme Court of Alabama. *See Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) ("Under Alabama law, 'one complete round' of review [] includes: (1) filing a petition for certiorari in state circuit court; (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals; (3) petitioning the Alabama Court of Criminal Appeals for rehearing; and (4) seeking discretionary review in the Alabama supreme Court. . ."); Ala. R. App. P. 4, 49, 40; *Kennedy v. Hopper*, 156 F.3d 1143, 1145 (11th Cir. 1998) ("[I]n all criminal cases-Alabama law effectively requires a petitioner to preserve any federal constitutional error by objection at trial, and to pursue that assertion of error on direct appeal.").

The record reflects that while Smiley completed a round of state review regarding his probation revocation decision; he failed to invoke the review of the state courts regarding the claims he currently presents and, consequently, his claims are unexhausted.[10]  *O'Sullivan*, 526 U.S. at 844-45 ("Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented'.").  Notably, Smiley cannot raise these claims in a Rule 32 motion in the state courts at this time because it would be deemed untimely and because he had the opportunity to raise the claims during the probation revocation hearing and during the direct appeal that followed.  *See* Ala. R. Crim. P. 32(a)(3) (Petitioner is not allowed to file a Rule 32 motion if the claims raised could have been raised at trial but were not); (a)(5) (Petitioner is not allowed to file a Rule 32 motion if the claims raised could have been raised on direct appeal but were not); and (c) (Petitioner has one year from the issuance of the certificate of judgment to file a Rule 32 motion). Because Smiley failed to exhaust the claims he brings in this petition by seeking review of them in

---

[10]  The Alabama Appellate Court determined that Smiley did not properly preserve the argument that "the Community Notification Act [was] unconstitutional as applied to him" because he claims he was "homeless and indigent," which appears to be the challenge he asserts in this habeas petition as Claim 2.  (*See* Doc. 16-5 at 6, n. 2).

state court, these claims are also barred under the doctrine of procedural default. *O'Sullivan*, 526 U.S. at 848 ("[Petitioner's] failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims), citing *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Engle v. Isaac*, 456 U.S. 107, 125-26, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

    4.        <u>Cause and Prejudice.</u>

The Eleventh Circuit has held that "before a federal habeas court may consider the merits of a procedurally defaulted claim, a petitioner "must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Philmore v. McNeil*, 575 F.3d 1251, 2009 WL 2181682 at * 12 (11th Cir. 2009). The Court has further opined, in part, as follows:

> We "may not consider claims that have been defaulted in state court pursuant to an adequate and independent state procedural rule, unless the petitioner can show cause for the default and resulting prejudice, or a fundamental miscarriage of justice." *Zeigler v. Crosby*, 345 F.3d 1300, 1304 (11th Cir.2003) (per curiam) (quotation marks and citation omitted). A claim also would be "procedurally defaulted if the petitioner fails to raise the claim in state court and it is clear from state law that any future attempts at exhaustion would be futile." Id. (quotation marks and citation omitted). We defer to the state court's findings regarding procedural default. *See id.*

*Ferguson v. Sec'y for the Dep't of Corr.*, 580 F.3d 1183, 2009 WL

2605405, *5 (11th Cir. 2009).

The Eleventh Circuit has also elaborated on the limited

circumstances in which a procedurally defaulted claim may

support habeas relief:

> A claim is procedurally defaulted if it has not been
> exhausted in state court and would now be barred under
> state procedural rules. *Judd v. Haley*, 250 F.3d 1308,
> 1313 (11th Cir. 2001). A procedurally defaulted
> claim can support federal habeas relief in only two narrow
> situations. First, the petitioner may demonstrate
> cause and prejudice. Cause exists if there was "some
> objective factor external to the defense
> [that] impeded counsel's efforts to comply with the
> State's procedural rule." *Murray v. Carrier*, 477 U.S.
> 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397
> (1986). Such external impediments include evidence
> that could not reasonably have been discovered in time
> to comply with the rule; interference by state
> officials that made compliance impossible; and
> ineffective assistance of counsel at a stage where the
> petitioner had a right to counsel. Id. In addition to
> cause, the petitioner must also show prejudice: that
> "there is at least a reasonable probability that the
> result of the proceeding would have been different"
> had the constitutional violation not occurred.
> *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir.
> 2003).

*Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). As applied

to Smiley's petition, he has failed to establish the existence

of the requisite "cause" for his procedural default.

Specifically, Smiley has failed to allege that any external

impediment prevented him from complying with Alabama's

procedural rules and exhausting his claims by seeking review by

the Alabama courts. Although Smiley did not seek review of the

currently asserted claims, he insists the failure is because the adjudication of his two "new charges" occurred long after his probation revocation was final. However, Smiley does not attempt to explain why he never challenged the CNA conviction, which provides the foundation for two of the three claims he brings now, by direct review or post-conviction motions. Consequently, Smiley has not made the requisite showing to prove "cause" sufficient to justify a procedural default. Additionally, Smiley fails to show any prejudice to overcome his procedural default.

The sole remaining circumstance under which a procedurally defaulted claim may support habeas review involves the existence of a "fundamental miscarriage of justice." In this regard the Eleventh Circuit has held:

> Even without cause and prejudice, the procedural default of a constitutional claim may be excused if enforcing the default would result in a fundamental miscarriage of justice. This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995). By making this showing of actual innocence, the petitioner may overcome the procedural default and obtain federal review of the constitutional claim. *Id.*

*Mize*, 532 F.3d at 1190. Smiley, however, fails to argue any such exception or present evidence of such. Thus, Smiley's claims are time-barred and procedurally defaulted.

## III.   CERTIFICATE OF APPEALABILITY.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further'").

In the instant action, Smiley's petition is clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. *Steed*, 219 F.3d at 1300. He has also failed to make a showing of cause or prejudice for his unexhausted claims. *Kelley*, 377 F.3d at 1343. Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Smiley should be allowed to proceed further. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Smiley's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

**IV. CONCLUSION.**

For the reasons set forth above, the undersigned recommends that the Court dismiss Smiley's petition with prejudice as time barred, procedurally defaulted, and find that he is not entitled

to a Certificate of Appealability and is not entitled to proceed *in forma pauperis*[11] on appeal.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **28th** day of **August, 2018.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] An in forma pauperis action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).